

# quinn emanuel trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121 | TEL (801) 515-7300 FAX (801) 515-7400

June 12, 2024

**Application GRANTED.** Service pursuant to 28 U.S.C. § 1608(a)(4) is permitted for the reasons given in Plaintiffs' letter. The initial pretrial conference set for August 7, 2024, is **ADJOURNED** to **September 18, 2024, at 3:30 P.M. EST.** The parties shall join the conference by dialing (646) 453 - 4442 and entering the conference ID: 515 733 205, followed by the pound sign (#). The parties shall file the required conference materials by **September 11, 2024.** So Ordered.

The Clerk of Court is respectfully directed to close the motion at ECF No. 19.

**VIA ECF**

Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Dale E. Ho
United States District Judge
Dated: June 13, 2024
New York, New York

Re: *Creditincome Limited, et al. v. The Swiss Confederation,* (1:24-cv-04316-DEH) —
<u>Request for Service of Process and to Adjourn the Initial Pretrial Conference</u>

Dear Judge Ho,

We are counsel for Plaintiffs Creditincome Limited; Creditincome Pension Scheme; Double Plateau Holdings LLC; Gi Rui Co., Ltd.; Red White Investment, Ltd.; Rui Gi Lou International Co., Ltd; Solar Talent International Limited; and Springcore Ltd. ("**Plaintiffs**") in the above-referenced action against Defendant The Swiss Confederation ("**Switzerland**").

I write to request an order authorizing Plaintiffs to effect service of the summons and complaint on Switzerland pursuant to the Foreign Sovereign Immunities Act ("**FSIA**") 28 U.S.C. § 1608(a)(4). In addition, Plaintiffs request the adjournment of the case management conference scheduled for August 7, 2024 [ECF 16] without date until service pursuant to 28 U.S.C. § 1608(a)(4) is made upon Switzerland.

<u>**Service Request**</u>

Service of process on a foreign state in U.S. courts must be made in accordance with Section 1608(a) of the FSIA, which provides four methods of service "in descending order of preference." *Lovati v. Bolivarian Republic of Venezuela*, No. 19-cv-04796-ALC, 2020 WL

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

6647423, at *2 (S.D.N.Y. Nov. 11, 2020).  "Plaintiffs must attempt service by the first method, or determine that it is unavailable, before attempting subsequent methods in the order in which they are laid out[.]"  *Pablo Star Ltd. v. Welsh Gov't*, 170 F. Supp. 3d 597, 603 (S.D.N.Y. 2016) (citation omitted).

The first three methods of service set forth in Section 1608(a) are unavailable here:

  i. Under 28 U.S.C. § 1608(a)(1), no special arrangement for service exists between the Plaintiffs and Switzerland.

  ii. Under 28 U.S.C. § 1608(a)(2), service cannot be made pursuant to the applicable international convention on service of judicial documents.  While Switzerland is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("**Hague Convention**"), Switzerland insists on service via diplomatic channels and "will not accept service on the Government by an individual under the Hague Convention."[1]

  iii. Under 28 U.S.C. § 1608(a)(3), service by a clerk's mailing cannot be made because Switzerland has objected to service by mail via postal channels under Article 10 of the Hague Convention.[2][3]

As service is not possible under 28 U.S.C. §§ 1608(a)(1), 1608(a)(2), or 1608(a)(3), Plaintiffs respectfully request that the Court order service on Switzerland through the U.S. Department of State under § 1608(a)(4), given the unavailability of the other methods of service prescribed by the FSIA.  This is the method endorsed by numerous other courts when Hague Convention service is not available.[4]

---

[1] *See Hilsenrath et al v. Swiss Confederation et al*,  3:07-cv-02782-WHA (N.D. Cal. August 6, 2007) [Dkt. 24] Decl. of Dieter Cavalleri in Support of Defendants' Motion to Dismiss Complaint ("I also confirm that it is the view of the Swiss Government that although Switzerland will not accept service on the Government by an individual under The Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (The Hague Convention), the Convention does not exclude service through diplomatic channels."); *see also Rishikof v. Mortada et al*, 1:11-cv-02284-BJR (D.D.C. January 3, 2012) [Dkt. 2-1] Request for Service of Process on Defendant Swiss Confederation ("Service cannot be made under 28 U.S.C. § 1608(a)(2) or § 1608(a)(3) because the Swiss Confederation has stated with respect to this case and other cases that it will only accept services through diplomatic channels.").

[2] The Hague Conference on Private International Law is an intergovernmental organization that administers the Hague Convention and records any reservations by States who are parties to the Hague Convention. It explains that "Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10." *See* Hague Conference on Private International Law, Switzerland—Declaration/Reservation/Notification, available at: https://www.hcch.net/en/notifications/?csid=424&disp=resdn.

[3] The Clerk's Office Foreign Mailing Instructions explains: "[i]f a foreign state (party to the Hague Convention) objects to service by mail, service under Section 1608(a)(3) SHOULD NOT BE ATTEMPTED. The plaintiff should proceed under Section 1608(a)(4)." *Id.* at 6, available at: https://www.nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf.

[4] *See, e.g., VRB 4 Inv. LTD v. Bolivarian Republic of Venezuela*, No. 23-cv-05287-AT (S.D.N.Y. July 19, 2023) [Dkt. 15] (permitting service on foreign sovereign under 28 U.S.C. § 1608(a)(4), as Hague Convention service was unavailable); *NJSC Naftogaz of Ukraine et al v. Russian Federation*, 1:23-cv-01828-JDB (D.D.C. July 7, 2023)

**Initial Pretrial Conference**

The Court's June 10, 2024 Order entitled "Notice of Initial Pretrial Conference" [ECF 16] set an initial pretrial conference for August 7, 2024 at 3:00 P.M. EST. Plaintiffs believe it is premature to hold a case management conference before Switzerland is served, and respectfully request adjournment without date until that service is made and Switzerland has the opportunity to meaningfully participate in the conference.

Under 28 U.S.C. § 1608(d), a foreign state has 60 days from the date service is effected in which to file an answer or other responsive pleading. As explained above, Switzerland must be served under FSIA 28 U.S.C. § 1608(a), and service pursuant to the only available method, State Department service under § 1608(a)(4), usually takes at least one month. This means that even if § 1608(a)(4) service is permitted to commence immediately, Switzerland's answer or other responsive pleading will not be filed for another three months, at the earliest. Because Plaintiffs have not yet served Switzerland, Plaintiffs do not know if Switzerland is represented by counsel in this action.

Plaintiffs therefore respectfully request adjournment of the initial pretrial conference without date pending the completion of service pursuant to 28 U.S.C. § 1608(a)(4) upon Switzerland.

Respectfully submitted,

Dennis H. Hranitzky

---

[Dkt. 7] (same); *Casa Express Corp. as Tr. of Casa Express Tr. v. Bolivarian Republic of Venezuela*, No. 21-MC-23103, 2021 WL 5359721 (S.D. Fla. Nov. 17, 2021) (same); *Ghazarian v. Republic of Turkey*, No. CV 19-4664 PSG (EX), 2020 WL 3643483 (C.D. Cal. Mar. 30, 2020) (same).