**quinn emanuel** trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121 | TEL (801) 515-7300 FAX (801) 515-7400

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
**dennishranitzky@quinnemanuel.com**

February 26, 2025

<u>VIA ECF</u>

Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Creditincome Limited, et al. v. The Swiss Confederation,* No. 1:24-cv-04316-DEH —
<u>Joint Letter Regarding Status of the Litigation</u>

Dear Judge Ho,

Quinn Emanuel Urquhart & Sullivan, LLP is counsel to Plaintiffs in this action. Wachtell, Lipton, Rosen & Katz is counsel for Defendant, the Swiss Confederation ("**Switzerland**"). Pursuant to Your Honor's Notice of Initial Pretrial Conference dated October 7, 2024, (ECF No. 35), and order of January 28, 2025, (ECF No. 83), we submit this joint letter in advance of the initial pretrial conference scheduled for March 5, 2025. Attached hereto as Exhibit 1 is the Parties' proposed Civil Case Management Plan and Scheduling Order.

**1.   Nature of the action, principal defenses, and major legal and factual issues**

<u>**Plaintiffs' Statement**</u>**:**   This action arises from Switzerland's March 19, 2023 conversion of debt securities known as Additional Tier 1 Bonds ("**AT1s**") issued by Credit Suisse AG ("**Credit Suisse**"). Switzerland brokered a "private-law merger" between Credit Suisse and UBS Group AG ("**UBS**"). Switzerland ordered Credit Suisse to write the AT1s down to zero (the "**Write-Down Direction**"). Legally compelled to follow this directive, Credit Suisse instructed New York-based securities depository DTC to do so. In an amended complaint filed on January 8, 2025 (ECF No. 44), Plaintiffs bring claims for conversion, violation of N.Y. General Business Law § 349, tortious interference with contract, and unjust enrichment.

<u>Major Legal and Factual Issues</u>

1. Whether Switzerland is entitled to sovereign immunity.
2. Whether Switzerland qualifies as an adequate alternative forum.

3. Whether the Write-Down Direction was an act of conversion, violation of N.Y. General Business Law § 349, tortious interference with AT1 holders contractual rights, or otherwise gives rise to a remedy in unjust enrichment.

**Defendant's Statement:** Plaintiffs are alleged former holders of interests in Additional Tier 1 instruments issued by Credit Suisse Group AG ("Credit Suisse") and subject by their terms to Swiss law. Credit Suisse wrote down the principal amount of those instruments to zero in March 2023, when it was in an acute financial crisis and received extraordinary Swiss governmental support, and after it was ordered to do so by a Swiss government agency, the Swiss Financial Market Supervisory Authority (FINMA). Plaintiffs seek in this action to recover from Defendant their alleged losses due to Credit Suisse's write-down of its AT1 instruments. Defendant's principal defenses include its entitlement to sovereign immunity and the legal and factual deficiencies of Plaintiffs' claims. The major legal and factual issues at this stage of the litigation include whether Defendant is entitled to sovereign immunity under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602 *et seq.*, whether this action should be dismissed in favor of a Swiss forum under the *forum non conveniens* doctrine, and whether Plaintiffs have stated claims for relief.

## 2. Jurisdiction and venue

**Plaintiffs' statement:** The Court has subject-matter jurisdiction under 28 U.S.C. § 1330 because Switzerland is not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2). Plaintiffs' claims are based upon the Write-Down Direction, which was "an act outside the territory of the United States in connection with a commercial activity", namely, Switzerland's brokering of the Takeover. The Write-Down Direction was "in connection with" Switzerland's brokering of the Takeover and "cause[d] a direct effect in the United States" because the Write-Down Direction caused the AT1s at issue to be canceled, delisted, and lose all value in New York. Venue is proper because a substantial part of the events and omissions giving rise to the claims and a substantial part of the property that is the subject of the action is situated in this District. Plaintiffs' citizenship is listed in Annex A.

**Defendant's Statement:** The Foreign Sovereign Immunities Act is the sole basis for obtaining jurisdiction over a foreign sovereign, such as Defendant, in a U.S. court. This court lacks jurisdiction because Plaintiffs do not show that any of the FSIA's enumerated exceptions to sovereign immunity apply to this action.

## 3. Existing deadlines, due dates and/or cut-off dates

Switzerland moved to dismiss Plaintiffs' amended complaint on February 21, 2025, and Plaintiffs' opposition to that motion is presently due on March 7, 2025. Plaintiffs intend to seek an extension to file their opposition up to and including April 4, 2025, and Defendant intends to seek an extension to file its reply to May 5, 2025.

### 4. Outstanding motions

As stated above, Switzerland filed a motion to dismiss the amended complaint on February 21, 2025. No other motions are outstanding.

### 5. Discovery to date and any discovery necessary for settlement negotiations

**Plaintiffs' Statement:** No discovery has taken place to date. Plaintiffs maintain that the operative complaint pleads sufficient facts to establish that this Court has subject-matter jurisdiction under the third clause of the FSIA's commercial activity exception, while reserving the right to plead further facts if the Court disagrees. *See* ECF No. 44 ¶ 101. Based on Switzerland's February 21, 2025 motion to dismiss (ECF No. 84), Plaintiffs do not believe jurisdictional discovery is necessary. Because Switzerland challenged "only the legal sufficiency of" Plaintiffs' "jurisdictional allegations" in that motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," and so discovery is unnecessary. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001).

**Defendant's Statement:** Defendant agrees with Plaintiffs that no discovery has taken place (or been sought) to date. Defendant does not otherwise concede the correctness of Plaintiffs' statement. Furthermore, as noted below, the Parties have not engaged in settlement discussions and Defendant does not believe that any discovery for the purpose of settlement is necessary or appropriate.

### 6. Prior settlement discussions

The Parties have not engaged in settlement discussions as of the date of this letter.

### 7. Statement on alternative dispute resolution mechanisms

The Parties have discussed the use of alternate dispute resolution mechanisms and do not believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator is appropriate at this time.

### 8. Any other information

The Parties have nothing further to raise before the Court at this time.

Respectfully submitted,

| | |
|---|---|
| */s/ Dennis H. Hranitzky* <br> Dennis H. Hranitzky <br> QUINN EMANUEL URQUHART & SULLIVAN, LLP <br> 2755 E. Cottonwood Pkwy, Ste. 430 <br> Salt Lake City, UT 84121 <br> Tel: 801-515-7300 <br> dennishranitzky@quinnemanuel.com <br><br> *Counsel for Plaintiffs* | */s/ William Savitt* <br> William Savitt <br> WACHTELL, LIPTON, ROSEN & KATZ, LLP <br> 51 West 52nd Street <br> New York, New York 10019 <br> Tel: 212-403-1000 <br> WDSavitt@wlrk.com <br><br> *Counsel for Defendant* |

# ANNEX A

Plaintiffs and their citizenship are as follows:

- Plaintiff Creditincome Limited is a limited liability company organized and existing under the Laws of England and Wales.

- Plaintiff Creditincome Pension Scheme was constituted by Trust Deed on March 5, 2008, under the laws of England and Wales.

- Plaintiff Double Plateau Holdings LLC is a limited liability company organized and existing under the laws of Delaware.

- Plaintiff Gi Rui Co., LTD. is a limited liability company organized and existing under the laws of the Independent State of Samoa.

- Plaintiff Red White Investment, Ltd. is an exempted company organized and existing under the laws of the Cayman Islands.

- Plaintiff Rui Gi Lou International Co., LTD is a limited liability company organized and existing under the laws of the British Virgin Islands.

- Plaintiff Solar Talent International Limited is a limited liability company organized and existing under the laws of the British Virgin Islands.

- Plaintiff Springcore Ltd is a limited company incorporated in the British Virgin Islands.

- Plaintiff AB Active ETFs, Inc. - AB High Yield ETF is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff AB Active ETFs, Inc. - AB Short Duration Income ETF is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff AB Bond Fund, Inc. - AB Bond Inflation Strategy is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff AB Bond Fund, Inc. - AB Income Fund is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff AB Bond Fund, Inc. - AB Total Return Bond Portfolio is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff AB Canada Core Plus Advanced Bond Fund is a mutual fund organized and existing under the laws of Canada.

- Plaintiff AB Canada Core Plus Bond Fund is a mutual fund organized and existing under the laws of Canada.

- Plaintiff AB Canada Core Plus Long Duration Bond Fund is a mutual fund organized and existing under the laws of Canada.

- Plaintiff AB Collective Investment Trust Series - AB US High Yield Collective Trust is a mutual fund organized and existing under the laws of Massachusetts.

- Plaintiff AB FCP I - American Income Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB FCP I - Global High Yield Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB High Income Fund, Inc. is a mutual fund organized and existing under the laws of Maryland.
- Plaintiff AB LP is a limited partnership organized and existing under the laws of Delaware.
- Plaintiff AB SICAV I - All Market Income Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - Financial Credit Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - Global Dynamic Bond Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - Global Income Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - Global Plus Fixed Income Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - Short Duration Income Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - Sustainable Euro High Yield Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AB SICAV I - US High Yield Portfolio is a mutual fund organized and existing under the laws of Luxembourg.
- Plaintiff AllianceBernstein Dynamic Global Fixed Income Fund is a mutual fund organized and existing under the laws of Australia.
- Plaintiff AllianceBernstein Global High Income Fund, Inc. is a mutual fund organized and existing under the laws of Maryland.
- Plaintiff Bybrook Capital Master Fund LP is a limited partnership organized and existing under the laws of the Cayman Islands.
- Plaintiff Custody Bank of Japan, Ltd. as trustee for 01229-1001/119701, AllianceBernstein High Yield Open is a mutual fund organized and existing under the laws of Japan.
- Plaintiff Custody Bank of Japan, Ltd. as trustee for 01729-9180/901080, AB Global Hybrid Securities Mother Fund is a mutual fund organized and existing under the laws of Japan.
- Plaintiff Exclusive Plus Project Management is a Sole Establishment incorporated under the laws of Dubai, United Arab Emirates.
- Plaintiff Kamina Holdings Limited is a company domiciled in the Island of Jersey.

- Plaintiff KSH Financial Holdings Limited is a company domiciled in the Island of Jersey.

- Plaintiff Luen Po (BVI) Company Limited is a company incorporated in the British Virgin Islands.

- Plaintiff The Nomura Trust and Banking Co., Ltd. as trustee for 039909706, AllianceBernstein Global High Income Mother Fund is a mutual fund organized and existing under the laws of Japan.

- Plaintiff Raymond (B.V.I.) Limited is a company incorporated in the British Virgin Islands.

- Plaintiff Sanford C. Bernstein Fund, Inc. - AB Intermediate Duration Portfolio is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff Sanford C. Bernstein Fund, Inc. - Overlay B Portfolio is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff Sanford C. Bernstein Fund II, Inc. - Bernstein Intermediate Duration Institutional Portfolio is a mutual fund organized and existing under the laws of Maryland.

- Plaintiff Skymark Company S.A. is a limited liability company organized and existing under the laws of the Republic of Panama.

- Plaintiff Song Weng Tyng is an individual domiciled in Singapore.

- Plaintiff Westonbirt Fund LP is a limited partnership organized and existing under the laws of the Cayman Islands.

- Plaintiff Zhang Sherwin is an individual domiciled in Singapore.