quinn emanuel trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121 | TEL (801) 515-7300 FAX (801) 515-7400

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
**dennishranitzky@quinnemanuel.com**

June 5, 2025

**VIA CM/ECF**

Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *Creditincome Limited, et al. v. The Swiss Confederation*, No. 24-cv-4316 —
      Letter Explaining the Reason that the Court Will Benefit from Oral Argument.

Dear Judge Ho,

We are counsel for Plaintiffs in the above action and write pursuant to this Court's Individual Rule 4(e) to respectfully request oral argument on Defendant the Swiss Confederation's ("**Switzerland**") motion to dismiss (the "**Motion**", Dkt. 84). Both parties have requested oral argument on the motion. *See* Dkts. 85 & 92. Noting the Court's encouragement of litigants to afford less experienced attorneys the opportunity to present argument, Alex Van Dyke of this firm, who is a 2019 graduate and therefore qualifies as a "less experienced attorney" under the Court's Individual Rule 3(e), will participate in argument for Plaintiffs if the Court grants this request.

Plaintiffs respectfully submit that oral argument would be invaluable for the parties to answer any questions the Court may have on the Foreign Sovereign Immunities Act ("**FSIA**"), forum non conveniens, and the merits. The FSIA alone poses at least three jurisdictional issues; forum non conveniens raises questions of Swiss law as well as Second Circuit precedent; and the Rule 12(b)(6) motion raises novel questions about the application of conversion law to beneficial interests in bonds and conflict-of-law issues that the parties contest.

Opportunity to argue is especially important because Switzerland has made several arguments in its Reply that (Switzerland does not dispute) were not raised in Switzerland's opening brief, *see* Dkts. 99 & 100, which, Plaintiffs would show at argument, are wrong as a matter of law. Although these arguments were made in response to points argued in Plaintiffs' opposition to the Motion (Dkt. 92, "**Opposition**"), the points in Plaintiffs' Opposition were not new. These points were also pleaded in Plaintiffs' First Amended Complaint (Dkt. 44, "**FAC**") and thus could have

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

been challenged in Switzerland's opening brief.[1] Switzerland's Reply arguments thus were not mere "response[s] to matters that were raised for the first time in plaintiffs' response papers." *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, 2022 WL 20596709, at *4 (S.D.N.Y. May 19, 2022) (*cited* Dkt. 100) (citation omitted). Absent argument, as a result, Plaintiffs will be "unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.* (citations omitted). That would be especially prejudicial to Plaintiffs (unless Switzerland's arguments are deemed waived) because all of these new arguments are wrong, for reasons Plaintiffs would explain at argument.

Respectfully submitted,

Dennis H. Hranitzky

Cc: Counsel of Record

---

[1] *See* FAC ¶¶ 1, 7, 11, 64, 111, 124, 131 (pleading that the AT1s were held, wiped out, and delisted in New York); *id.* ¶¶ 7, 111 (pleading that Credit Suisse was legally compelled to carry out the write-down direction immediately); *id.* ¶ 122 & n.90 (pleading that Article 12 of the Swiss Liability Act precluded Plaintiffs from suing Switzerland for damages in Switzerland, and that a Swiss forum is no longer available to sue in); *id.* ¶¶ 115-16, 142 (pleading that the Write-Down Direction violated the AT1s' terms and that Switzerland is liable for inducing Credit Suisse to breach the AT1s or "to make performance of them impossible").